# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RODNEY WALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| vs. ) | |
| ) | |
| THE CITY OF ONEONTA, ALABAMA, ) | |
| ) | **PLAINTIFF DEMANDS A** |
| Defendant. ) | **TRIAL BY STRUCK JURY.** |

## COMPLAINT

## JURISDICTION AND VENUE

1. This action is brought to redress retaliation that violated the Americans with Disabilities Act.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 28 U.S.C. §§2201 and 2202.

3. Venue is proper under 28 U.S.C. § 1391, as the Defendant employed the Plaintiff in Blount County, Alabama.

1

## PARTIES

4. The Plaintiff, Rodney Wall, was more than 19 years old at the time of the events in question, and is a resident of the state of Alabama.

5. Defendant The City of Oneonta, Alabama is a municipal corporation organized under the laws of the State of Alabama, located in Blount County, Alabama.

6. The City of Onetona was Mr. Wall's employer for purposes of the Americans with Disabilities Act.

## ADMINISTRATIVE REMEDIES

7. Defendant filed a lawsuit in the Circuit Court of Blount County against Mr. Wall on February 24, 2016 alleging a breach of contract claim asserting he violated the settlement agreement reached to resolve a Charge of Discrimination filed by Mr. Wall with the Equal Employment Opportunity Commission ("EEOC").

8. Mr. Wall filed a Charge of Discrimination with the EEOC on March 25, 2016 alleging retaliation. A copy of the Charge is attached as Exhibit A.

9. Mr. Wall filed his EEOC Charge within 180 days of the last incident of retaliation he experienced from Defendant.

10. The EEOC issued a Dismissal and Notice of Rights to Mr. Wall dated

March 7, 2017. A copy is attached as Exhibit B.

11. Mr. Wall initiated this action within 90 days of March 7, 2017.

12. Mr. Wall exhausted his administrative remedies for his retaliation claim.

## COUNT I - AMERICANS WITH DISABILITIES ACT RETALIATION

13. Plaintiff adopts and incorporates the factual allegations above as if fully set forth in full herein.

14. Defendant employed Mr. Wall from November 1997 through July 17, 2014.

15. In January 2012, Defendant placed Mr. Wall's wife, Geneva Wall, in the position of Director of Finance.

16. Through a a letter dated July 17, 2014, Defendant terminated Mr. Wall's employment.

17. On or about December 2, 2014, Mr. Wall filed a Charge of Discrimination (Charge 420-2015-00530) with the United States Equal Employment Opportunity Commission ("EEOC") alleging unlawful disability discrimination and retaliation in violation of federal law.

18. On May 13, 2015, the parties entered into a Mediation Settlement Agreement through a negotiated process conducted by the EEOC.

19. While the specific terms of the agreement were confidential, the Mediation

Settlement Agreement provided that within 10 business days of the final execution of the Mediation Settlement Agreement, the City would perform its obligation under the agreement.

20. Even though the Mediation Settlement Agreement was executed by the parties on May 13, 2015, the City did not perform its obligations within ten (10) business days of May 13, 2015.

21. Following execution of the May 13 Mediation Settlement Agreement, the Defendant became non-responsive to the efforts of Mr. Wall's attorney to finalize and execute a Settlement Agreement and General Release and to obtain specific performance of the Defendant's obligations as set forth in the May 13, 2015 Mediation Settlement Agreement.

22. For weeks, numerous calls, emails, faxes and letters from Mr. Wall's counsel to the Defendant went unanswered.

23. Mr. Wall's attorney had to seek the assistance of the EEOC to seek enforcement of the terms agreed to by the parties.

24. On June 30, 2015, Mr. Wall executed the final Settlement Agreement and General Release arising from the resolution of his employment claims.

25. In July 2015, the Defendant deviated from its zoning regulations to allow rental, manufactured homes to occupy the lot next to Mr. Wall's property.

26. As a result of the Defendant's deviation from its zoning regulations, Mr. Wall's property decreased in value.

27. On or about December 7, 2015, Defendant terminated the employment of Mr. Wall's spouse, Geneva Wall.

28. As the result of Defendant terminating Mrs. Wall's employment, Mr. Wall and his family were injured.

29. On December 16, 2015, Defendant's city manager filed a criminal complaint with the Blount County Sheriff's Department against Mr. Wall alleging harassment after Mr. Wall objected that he felt the City's termination of his wife was unlawful.

30. The criminal complaint, signed December 16, 2015, alleged Mr. Wall violated Alabama Code § 13A-011-008(A) by directing a threat at him by pointing "his finger from his car window and [stating] 'this is going to cost you a little bit.'"

31. The acts alleged in the criminal complaint were not sufficient to give rise to a violation of Alabama Code § 13A-011-008(A).

32. Mr. Wall was arrested as the result of the criminal complaint.

33. In February 2016, the Defendant filed a breach of contract action against Mr. Wall alleging he violated the terms of the agreement reached between

the parities relating to his EEOC Charge.

34. The Defendant alleged in the lawsuit that Mr. Wall violated the settlement agreement between the parties by reporting what Mr. Wall believed to be criminal and/or unethical conduct by Defendant's mayor and city manager to the Alabama Ethics Commission.

35. The Defendant represented to the EEOC that Mr. Wall violated the settlement agreement between the parties by testifying before the Alabama Ethics Commission on December 2, 2015.

36. Mr. Wall did not violate the terms of the agreement reached between the parities relating to the resolution of the claims set forth in his EEOC Charge.

37. As the result of the City of Oneonta filing a lawsuit against Mr. Wall, he had to incur the financial cost of retaining a lawyer to defend the matter.

38. As the result of Defendant's actions of filing a criminal complaint against Mr. Wall, Mr. Wall had to appear in the District Court of Blount County on April 5, 2016 and May 16, 2016 where the criminal matter was the matter of public discussion, subjecting him to injury to his reputation, stress, and embarrassment.

39. On May 16, 2016, Blount County Assistant District Attorney Anna Sparks

moved to dismiss the criminal complaint against Mr. Wall.

40. The District Attorney's Office recognized that the conduct alleged in the criminal complaint filed against Mr. Wall did not violate Alabama Code § 13A-011-008(A).

41. The District Attorney's motion to dismiss the criminal complaint was granted by District Judge Sherry C. Burns on May 16, 2016.

42. Mr. Wall engaged in activity protected by the Americans with Disabilities Act.

43. Defendant took adverse actions against Mr. Wall which included terminating his wife, filing a criminal complaint against him and filing a civil lawsuit against him.

44. Defendant took the adverse actions of terminating Mr. Wall's wife, filing a criminal complaint against him and filing a civil lawsuit against him because he engaged in activity protected by the Americans with Disabilities Act.

45. The Defendant's retaliatory conduct of terminating his wife, filing a criminal complaint against him and filing a civil lawsuit against him. injured Mr. Wall.

WHEREFORE, PREMISES CONSIDERED, Mr. Wall respectfully requests

the entry of judgment against the Defendant for violation of the Americans with Disabilities Act, as amended, pursuant to an Order by which the Court:

(a) awards compensatory damages;

(b) awards punitive damages;

(c) awards injunctive relief;

(d) awards that relief which is fair, reasonable and just;

(e) awards a reasonable attorney's fee; and

(f) taxes costs against said defendant.

Respectfully submitted,

*Heather N Leonard*
Heather N. Leonard
Attorney for Plaintiff
HEATHER LEONARD, P.C.
P.O. Box 43768
Birmingham, AL 35243
Telephone: (205) 977-5421
Facsimile: (205)278-1400
Heather@HeatherLeonardPC.com

PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:

The City of Oneonta
c/o Mayor Ross Norris
202 3rd Avenue East
Oneonta, AL 35121

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 420-2016-01706 |

and EEOC
State or local Agency, if any

**NAME** (Indicate Mr., Ms., Mrs.): Mr. Rodney Wall
**HOME TELEPHONE** (Include Area Code):
**STREET ADDRESS**:
**CITY, STATE AND ZIP CODE**:
**DATE OF BIRTH**: 1972

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: City of Oneonta
**NUMBER OF EMPLOYEES, MEMBERS**: more than 50
**TELEPHONE** (Include Area Code): (205) 274-2150
**STREET ADDRESS**: 202 3rd Avenue East
**CITY, STATE AND ZIP CODE**: Oneonta, AL 35121
**COUNTY**: Blount

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

**DATE DISCRIMINATION TOOK PLACE**
EARLIEST (ADEA/EPA): 
LATEST (ALL): 2/24/2016
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I filed a Charge of Discrimination (420-2015-00530) with the United States Equal Employment Opportunity Commission against my former employer, the City of Oneonta. The Charge of Discrimination alleged discrimination and retaliation in violation of the Americans with Disabilities Act. The claims which were the subject of my Charge of Discrimination were settled in 2015.

Following that resolution, I experienced a pattern of continuously harassing and retaliatory conduct from the Respondent. The Respondent refused to enforce zoning regulations which resulted in my home/property being devalued. My wife, an employee of the City of Oneonta, was terminated. The City Manager filed a criminal complaint against me alleging harassment. I did not engage in harassing or criminal conduct. On February 24, 2016, the City filed a lawsuit against me alleging I violated the settlement agreement reached to resolve my EEOC Charge. I did not violate the settlement agreement. The Respondent has a pattern and practice of harassing and retaliating against employees who engage in protected activity.

I believe I have been retaliated against in violation of the Americans with Disabilities Act, as amended, for engaging in protected activity.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Date 3-23-2016   Charging Party (Signature)

RECEIVED MAR 25 2016

NOTARY - (When necessary for State and Local Requirements)
12/2017

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
23/03/16

RECEIVED

EEOC FORM 5 (10/94)   E.E.O.C. BIRMINGHAM DISTRICT   25 2016

EXHIBIT A


EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Rodney Wall | From: Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2016-01706 | Glenda J. Muldrow, Investigator | (205) 212-2138 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*/s/ Rachaunda Love for*

Deiner Franklin-Thomas,
District Director

MAR 07 2017
(Date Mailed)

Enclosures(s)

cc: City of Oneonta
C/o David J. Canupp
Lanier Ford Shaver & Payne, PC
2101 W. Clinton Avenue, Ste 102
Huntsville, AL 35805

Heather Leonard
Heather Leonard P.C.
Employment Law Litigation & Mediation
P. O. Box 42768
Birmingham, AL 35243

Enclosure with EEOC Form 161 (11/09)

**EXHIBIT B**