# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **RODNEY WALL,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| **v.** ) | |
| ) | Civil Action Number |
| **THE CITY OF ONEONTA,** ) | **2:17-cv-00923-AKK** |
| ) | |
|     **Defendant.** ) | |
| ) | |

## **MEMORANDUM OPINION AND ORDER**

Rodney Wall brings this action against the City of Oneonta for retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"). Doc. 1. Oneonta has moved to dismiss the complaint, doc. 6, and the motion is fully briefed, docs. 7, 14, and 19, and ripe for review. For the reasons stated more fully below, the motion is due to be granted.

**I. STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions"

or "a formulaic recitation of the elements of a cause of action" are insufficient. *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 557).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## II. FACTUAL BACKGROUND

Oneonta employed Wall from November 1997 through July 17, 2014. Doc. 1 at 3. On December 2, 2014, Wall filed a charge of discrimination with the Equal

Employment Opportunity Commission alleging disability discrimination and retaliation. *Id.* The parties ultimately resolved this charge by settlement. *Id.*

Allegedly, Oneonta retaliated against Wall for filing this EEOC charge by engaging in the following conduct: (1) July 2015—deviating from city zoning regulations to allow rental manufactured homes to occupy the lot next to Wall's property, causing his property to decrease in value, *id.* at 4-5; (2) December 7, 2015—discharging Wall's spouse, Geneva Wall, from her position as Director of Finance, *id.* at 5; (3) December 16, 2015—the city manager filed a criminal complaint for harassment against Wall, which resulted in Wall's arrest, *id.*; and (4) February 2016—filing a breach of contract action against Wall for violating the terms of the settlement agreement, *id.* at 5-6.

As a result of these allegedly retaliatory acts, on March 25, 2016, Wall filed a second EEOC charge alleging retaliation. *Id.* at 2. Wall filed this lawsuit after obtaining a right to sue letter. *Id.* at 2-3.

### III. ANALYSIS

Oneonta has moved to dismiss, arguing primarily that Wall cannot establish the necessary elements of his *prima facie* case. Doc. 7. To establish a *prima facie* case of retaliation under the ADA, Wall must plausibly allege (1) statutorily protected activity; (2) an adverse action; and (3) a causal link between the protected expression and the adverse action. *Stewart v. Happy Herman's Cheshire*

*Bridge, Inc.*, 117 F.3d 1278, 1287 (11th Cir. 1997). Oneonta contends that Wall cannot show causation because of the lack of temporal proximity between the first EEOC charge, which Wall filed on December 14, 2014, and the alleged incidents of retaliation, which occurred seven to fourteen months later.[1] Doc. 7 at 6-9.

Relevant here, based on the complaint, Wall's retaliation claim rests solely on circumstantial evidence. More specifically, he contends that Oneonta took the four actions specified in his complaint in retaliation to his EEOC charge. The first alleged retaliatory incident, the zoning variance, occurred in July 2015, seven months after Wall filed his first EEOC charge. Doc. 7 at 7. The last alleged retaliatory incident, the breach of contract suit, occurred over a year after the first EEOC charge. *Id.* At issue here is whether, based on these allegations, Wall can prove causation.

Wall contends that he has established causation by showing a "pattern of antagonism" on Oneonta's part through the four incidents of alleged retaliation outlined in his complaint. Doc. 15 at 8-10. This contention is unavailing because "[i]n the absence of close temporal proximity, a plaintiff may establish causation by showing that her employer knew of a protected activity, and that a series of

---

[1] Oneonta also contends that Wall cannot base his retaliation claim on the December 2014 zoning variance because Wall filed his second EEOC complaint more than 180 days after the zoning variance. Doc. 7 at 3-4. Wall concedes this point, but asserts that he is not claiming that the zoning variance constituted an adverse action, and that he listed it solely to outline the evidence of Oneonta's "retaliatory motives and pattern of retaliating at every opportunity afforded to it." Doc. 14 at 7 n.4.

adverse employment actions commenced *shortly thereafter.*" *Entrekin v. City of Panama City Florida*, 376 F. App'x 987, 996 (11th Cir. 2010) (citing *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1457 (11th Cir. 1998)) (emphasis added). As the Eleventh Circuit has held, "[t]he burden of causation can be met by showing close temporal proximity between the statutorily protected activity and the adverse employment action. But mere temporal proximity, without more, must be 'very close.' A three to four month disparity between the statutorily protected expression and the adverse employment action is not enough." *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007) (internal citations omitted). *See also Walker v. Sec'y, U.S. Dep't of Air Force*, 518 F. App'x 626, 628 (11th Cir. 2013); *Brown v. Alabama Dep't of Transp.*, 597 F.3d 1160, 1182 (11th Cir. 2010); *Higdon v. Jackson*, 393 F.3d 1211, 1221 (11th Cir. 2004). Unfortunately for Wall, under this circuit's precedent, alleged retaliatory acts occurring over six months after protected activity, as is the case here, cannot prove causation as part of a series of adverse employment actions. *See Baroudi v. Sec'y, U.S. Dep't of Veterans Affairs*, 616 F. App'x 899, 903 (11th Cir. 2015). Therefore, because Wall alleges no other facts showing causation, his complaint is due to be dismissed.

## IV. Conclusion and Order

For the reason's stated above, Oneonta's Motion to Dismiss, doc. 6, is **GRANTED**. Wall's complaint is **DISMISSED WITHOUT PREJUDICE**.

**DONE** the 6th day of October, 2017.

                                                **ABDUL K. KALLON**
                                        UNITED STATES DISTRICT JUDGE